**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

JERMAINE T. JACKSON                                             PETITIONER

v.                                   CIVIL ACTION NO. 3:22-cv-471-TSL-MTP

WARDEN C. HARRISON                                             RESPONDENT

<u>REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on the Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be denied.

**BACKGROUND**

According to Petitioner, on July 7, 2017, he was sentenced in the United States District Court for the Eastern District of Missouri for conspiracy to possess with intent to distribute heroin and possession of a firearm by a convicted felon. On August 12, 2022, Petitioner—while incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City")—filed the present action under 28 U.S.C. § 2241 arguing that the BOP wrongfully denied his request for home confinement. *See* [1] at 1. Respondent filed a Response [7] arguing, *inter alia*, that the Petition [1] should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this action. Petitioner filed no reply.

**ANALYSIS**

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing

an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent, citing 28 C.F.R. § 542.10 *et seq*., points out that the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel. *See* C.F.R. §§ 542.13-542.15.

On July 30, 2022, Petitioner submitted a request for administrative remedies. *See* [1] at 1; [1-1] at 3. He then, without waiting for a response to the request for administrative remedies, filed his habeas petition on August 12, 2022.[1]

---

[1] Petitioner signed his habeas petition on August 7, 2012, and it was stamped filed in this Court on August 12, 2022.

Respondent submitted Petitioner's administrative remedies history indicating that on August 31, 2022, Petitioner's request for administrative remedies was rejected because he "did not provide the necessary evidence of [his] attempt at informal resolution." *See* [7-1] at 5. Respondent also submitted a declaration from Lisa Singleton, a deputy case management coordinator at FCC Yazoo City, stating that Petitioner did not file a request for administrative remedies concerning home confinement. *See* [7-1] at 3.

Petitioner mentions that a response to his request for administrative remedies was not "forthcoming." Even if Petitioner did not receive what he considered a timely response to his request for administrative remedies, such would not have prevented him from fully exhausting his administrative remedies. Pursuant to 28 C.F.R. § 542.18, if an inmate does not receive a response, he may consider the absence of a response to be a denial at that level. *See Buckley v. Pearsons*, 2011 WL 3022539, at *2 (S.D. Miss. May 25, 2011). Additionally, the fact that it takes time to exhaust administrative remedies did not excuse Petitioner from completing the process. The Supreme Court noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). "Furthermore, the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion." *Mercado-Pedroza v. Warden*, 2018 WL 1310008, *3 (E.D. Tex. Feb. 13, 2018).

This action should be dismissed because Petitioner failed to exhaust administrative remedies prior to filing this action and because he has failed to show that extraordinary circumstances rendered administrative remedies unavailable or inappropriate.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED and this action be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 12th day of January, 2024.

s/ Michael T. Parker
United States Magistrate Judge